IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA    )
    )
Plaintiff,    )
    )
    v.    )    Case No. 22-00140-CR-W-HFS
    )
NICHOLAS A. SRADER    )
    )
Defendant.    )

ORDER

    Currently pending is a motion to dismiss filed by prior counsel (Doc. 39) and a supplemental motion to dismiss filed by present counsel (Doc. 96). On June 21, 2022, defendant was indicted for unlawfully possessing a firearm, a SSCY 9 mm pistol bearing Serial Number 391441 which had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). Defendant seeks dismissal on Second Amendment grounds in a felon in possession prosecution, contending that § 922(g)(1) is unconstitutional on its face and as applied.

    The Honorable Lajuana M. Counts has issued a Report and Recommendation ("R&R") that favors denial of the motions because the Eighth Circuit currently supports the prohibition. Defendant's objections acknowledge the current posture of cases in this cCrcuit, but note that the Circuit decision may be reheard and seeks to preserve the issue of the constitutionality of §922(g)(1) as it pertains to felons possessing firearms.[1]

---

[1] In acknowledging that this question has been presented to the Eighth Circuit and the U.S. Supreme Court which have found the statute to be constitutional in prohibiting felons from possessing firearms, defendant raises objections to the issue in for preservation purposes pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 et seq. (Doc. 96, p. 2).

Defendant contends that the central argument in this case is that the felon in possession statute is unconstitutional on its face and as applied to him; citing, New York State Rifle & Pistol Association, Inc. v. Buen, 597 U.S. 1 (2022). In support of his contention, defendant cites several cases from sister-jurisdictions post Bruen[2] for the proposition that there is no historical precedent for § 922(n) of the felon in possession statute which defendant claims is common to § 922(g)(1) of the statute and therefore also lacking historical precedent. (Doc. 39, pp. 3-4).

As to defendant's facial challenge, the Court in Bruen expressly held that in keeping with its holdings in McDonald v. Chicago, 561 U.S. 742 (2010) and District of Columbia v. Heller, 554 U.S. 570 (2008), longstanding prohibition restrictions against felons possessing firearms are "presumptively lawful."[3] In Heller the Court held that like most rights, the right secured by the Second Amendment is not unlimited and from Blackstone through the 19th century cases, commentators and courts have routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. 554 U.S. at 626. The United States Supreme Court in Bruen, McDonald, and Heller has made clear that defendant's facial challenge to the statute fails because the long-standing prohibitions on the possession of firearms by felons and the mentally ill are constitutional.

Consequently, defendant fails to establish that § 922(g)(1) is unconstitutional on its face.

Defendant also argues that the statute is unconstitutional as applied to him and looks to the Fifth Circuit in United States v. Rahimi, Case No. 21-11001, for support of his argument.[4] The court in Rahimi found there was no historical precedent existing at the

---

[2] See, United States v. Stambaugh, 2022 WL 16936043 (W.D. Ok.); United States v. Quiroz, 2022 WL 4352482 (W.D. Tx); United States v. Holden, 2022 WL 17103509 (N.D. Ind.); and United States v. Hicks, 2023 WL 164170 (W.D. Tx.).

[3] See, Chief Justice Roberts joining and Justice Alito concurring that the holding in Bruen does not disturb the longstanding prohibitions against felons possessing firearms held in McDonald or Heller. Bruen, at 2162.

[4] The court in Jackson noted that while the Eighth Circuit has not resolved whether § 922(g)(1) is susceptible to as-applied challenges and no as-applied challenge has been successful, there is an indication in the circuit that a defendant may make a successful as-applied challenge by presenting facts

time of the establishment of the Second Amendment for the federal government to impede the right to bear arms unless said basis or regulation existed and was considered at the time of the passage of the Second Amendment. (Doc. 96, p. 3). Here, other than contending that the statute as applied to him is unconstitutional based on a purportedly flawed indictment, defendant does not cite any other relevant reasons in support of his contention, such as, that the predicate felonies were non-violent.

Nonetheless, Eighth Circuit precedent holds that legislatures have traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms which were best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness and courts have held that Congress acted within the historical tradition when it enacted the statute. United States v. Jackson, 69 F.4th 495, 496 (8th Cir. 2023).

As Jackson makes clear history shows that the right to keep and bear arms was subject to restrictions including prohibitions on possession by certain groups of people. 69 F.4th at 502.[5] Whether the legislative actions of disqualification are characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerous, Congress acted within the historical tradition. Thus, the constitutionality of § 922(g)(1) as applied to the defendant and other convicted felons is consistent with the Nation's historical tradition of firearm regulation. Id; citing, Bruen, 597 U.S, at *24.

In sum, the Jackson opinion, followed by the Eighth Circuit in United States v. Cunningham, 70 F.4th 502, 506 (8th Cir. 2023) and United States v. Doss, 2023 WL 8299064 (8th Cir.) all establish that § 922(g)(1), as applied to defendant is constitutionally sound. Ands, defendant does not present a cogent argument as to why

---

about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. 2022 WL 4226229, at *2.

[5] Restrictions on the possession of firearms date to England in the late 1600's when the government disarmed non-Anglican Protestants who refused to participate in the Church of England, and later applied the prohibition to Catholics who refused to renounce their faith. Jackson, at 502.

In colonial America, legislatures prohibited Native Americans from owning firearms, and religious minorities such as Catholics in Maryland, Virginia, and Pennsylvania were subject to disarmament. Id.

3

the statute should not apply to him, except to unpersuasively complain of a purportedly deficient indictment.[6]

Defendant also argues that Missouri law precludes him as an ineligible person to possess a firearm. Specifically, under the Second Amendment Preservation Act, § 1.410 RSMo which provides that the federal government lacks the ability to abrogate or otherwise limit a person's possession of a firearm. (Doc. 96, p. 4). Defendant, concedes, however, that the Missouri statute has been found to be a violation of the Supremacy Clause of the United States Constitution. United States v. Missouri, 660 F.Supp.3d 791 (W.D.Mo. 2023).

Furthermore, Judge Counts notes that while the Missouri statute seeks to invalidate federal law that forbids the possession of firearms by "law-abiding citizens," Missouri law also makes it unlawful for any person to knowingly possess a firearm if such person has been convicted of a felony under Missouri state laws. United States v. Ganaway, 2022 WL 1617266 * 4 (E.D.Mo.). Even if the Missouri Act could survive scrutiny under the Supremacy Clause, the Act appears to be inapplicable to defendant's case at bar. Id, at *3.

Accordingly, the Report and Recommendation (Doc. 104) is ADOPTED, and the motion to dismiss (Doc. 39) and the supplemental motion to dismiss (Doc. 96) are DENIED.

       */s/ Howard F. Sachs*
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2024
Kansas City, Missouri

---

[6] The Government argues that the indictment contained a plain definite statement of the essential facts constituting the charged offense as well as the essential elements of the offense charged. (Doc. 41, p. 2). The Government further argues that to the extent defendant argues that § 922(g)(1) is unconstitutional as applied to him, this court cannot engage in fact-finding about the circumstances surrounding the offense without invading the province of the jury. Citing, United States v. Pope, 613 F.3d 1255, 1257 (10th Cir. 2010); see also, United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016).

4